People v Sereno (2024 NY Slip Op 51196(U))

[*1]

People v Sereno (Anthony)

2024 NY Slip Op 51196(U)

Decided on August 29, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 29, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2021-831 S CR

The People of the State of New 
 York, Respondent,
against
Anthony R. Sereno, Jr., Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel ), for appellant.
Suffolk County District Attorney (Rosalind C. Gray and Marion Tang of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, First District (Eric Sachs, J.), rendered November 18, 2021. The judgments convicted defendant, upon jury verdicts, of driving while ability impaired by the combined influence of drugs, speeding, and making an unsafe lane change, respectively, and imposed sentences. The appeal brings up for review an order of that court dated September 1, 2021 denying the branches of defendant's June 1, 2021 motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds.

ORDERED that the judgment convicting defendant of driving while ability impaired by the combined influence of drugs is reversed, on the law, so much of the order dated September 1, 2021 as denied the branch of defendant's June 1, 2021 motion seeking to dismiss, on statutory speedy trial grounds, the accusatory instrument charging defendant with driving while ability impaired by the combined influence of drugs is vacated, that branch of defendant's motion is granted, the accusatory instrument charging defendant with driving while ability impaired by the combined influence of drugs is dismissed, and the fine and surcharge imposed upon that conviction, if paid, are remitted; and it is further,
ORDERED that the judgments convicting defendant of speeding and making an unsafe lane change are affirmed.
Insofar as is relevant to this appeal, in April 2018, defendant was charged in separate accusatory instruments with driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]), speeding (Vehicle and Traffic Law § 1180 [b]), and making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), respectively. The People subsequently filed an accusatory instrument charging defendant with driving while ability impaired by the combined influence of [*2]drugs (Vehicle and Traffic Law § 1192 [4-a]), and the charge of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]) was dismissed. Thereafter, the case was adjourned several times.
On January 28, 2020, the People filed off-calendar a combined certificate of compliance (COC) and statement of readiness (SOR) that lacked a certification of the facial sufficiency of the accusatory instruments pursuant to CPL 30.30 (5-a). In response to the COVID-19 pandemic, then-Governor Andrew Cuomo issued Executive Order 202.8, which tolled speedy trial time for all criminal matters as of March 20, 2020. The toll was extended several times via executive order until it ultimately expired in Suffolk County on September 8, 2020 (see Executive Order [A. Cuomo] No. 202.60 [9 NYCRR 8.202.60]; People v Vasquez, 75 Misc 3d 49, 51 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). On April 16, 2021, the People filed a supplemental COC/SOR that included a CPL 30.30 (5-a) certification.
On June 1, 2021, defendant moved to, among other things, dismiss the accusatory instruments on statutory speedy trial grounds, asserting that the People's January 28, 2020 COC/SOR was invalid because it did not include a CPL 30.30 (5-a) certification. The People opposed, arguing that their April 16, 2021 supplemental COC/SOR retroactively cured any 5-a defect in the January 28, 2020 COC/SOR. By order dated September 1, 2021, the District Court (Eric Sachs, J.) accepted the People's argument and denied the branches of defendant's motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds.
At a jury trial, the People moved in limine to preclude defendant from cross-examining the arresting officer about one unsubstantiated and two unfounded allegations of misconduct in his police disciplinary record. The District Court (Eric Sachs, J.) granted the branch of the motion regarding the two unfounded allegations and reserved decision on the unsubstantiated allegation pending defendant's showing of a good faith basis for cross-examination of the officer on the unsubstantiated allegation. The court also precluded cross-examination on unfounded allegations and reserved decision on unsubstantiated allegations with respect to the People's other police witness, the drug recognition expert (DRE) who evaluated defendant after his arrest.
The arresting officer testified, insofar as is relevant to this appeal, that he had been trained to visually estimate the speed of a moving vehicle to within five miles per hour (mph) of its actual speed. At about 2:14 p.m. on April 12, 2018, he observed a vehicle traveling eastbound in the left lane of the Southern State Parkway at a speed that the officer visually estimated to be over 100 mph. The officer began following the vehicle and observed the vehicle abruptly move from the left lane across all three lanes of traffic, without signaling or stopping, to exit the parkway, cutting off other vehicles and forcing the drivers of the other vehicles to hit their brakes. Following the trial, defendant was found guilty of driving while ability impaired by the combined influence of drugs, speeding, and making an unsafe lane change, and sentences were imposed.
On appeal, defendant claims, among other things, that he was denied his statutory and constitutional rights to a speedy trial; challenges the legal sufficiency of the evidence; argues that his convictions were against the weight of the evidence; and asserts that the District Court violated his constitutional rights to confront witnesses and to a fair trial by precluding cross-examination of the police witnesses on unfounded and unsubstantiated allegations of misconduct.
With respect to defendant's statutory speedy trial claim, we first note that the accusatory instruments charging defendant with speeding and making an unsafe lane change cannot be dismissed on statutory speedy trial grounds. "Prior to January 1, 2020, it had been the rule that 'a defendant charged with a traffic infraction has no statutory right to a speedy trial' " (People v [*3]Cruz, 77 Misc 3d 134[A], 2022 NY Slip Op 51262[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2022], quoting People v Taylor, 189 Misc 2d 313, 314 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]). CPL 30.30 (1) (e), which went into effect on January 1, 2020 and applies only to actions commenced after that date, made statutory speedy trial time applicable to traffic infractions charged in the same accusatory instrument with at least one non-traffic infraction count (see People v Galindo, 38 NY3d 199, 201, 206-207 [2022]; People v Loonam, 79 Misc 3d 128[A], 2023 NY Slip Op 50683[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). Here, the action commenced before January 1, 2020 and, in any event, neither speeding nor making an unsafe lane change were charged in the same accusatory instrument with at least one non-traffic infraction count. Consequently, there was no statutory speedy trial time limit on those two charges.
On the charge of driving while ability impaired by the combined influence of drugs, the People were required to state ready for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; Vehicle and Traffic Law § 1193 [1] [b]). Once a defendant has shown the existence of a delay greater than 90 days, " 'the People [have] the burden of showing their entitlement to a statutory exclusion' " (People v Brown, 28 NY3d 392, 403 [2016], quoting People v Luperon, 85 NY2d 71, 81 [1995]; see People v Cortes, 80 NY2d 201, 215-216 [1992]; People v Berkowitz, 50 NY2d 333, 349 [1980]). The People's failure to state ready within this statutory period or make a sufficient showing of days that were excludable requires dismissal of the accusatory instrument (see People v Berkowitz, 50 NY2d at 349). The People's argument that their April 16, 2021 CPL 30.30 (5-a) certification retroactively validated their January 28, 2020 SOR, which lacked such certification, "appears to [be] foreclose[d]" by People v Ward (79 Misc 3d 129[A], 2023 NY Slip Op 50688[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]), "with its holding that such a certification does not retroactively validate a previously filed SOR" (People v Hernandez, — Misc 3d —, 2024 NY Slip Op 24160, *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2024]). As the People did not argue any excludable time for the period of January 28, 2020 to April 16, 2021, they are chargeable with more than 90 days of delay. Consequently, the branch of defendant's June 1, 2021 motion seeking to dismiss, on statutory speedy trial grounds, the accusatory instrument charging defendant with driving while ability impaired by the combined influence of drugs should have been granted.
To the extent that defendant's contentions on appeal are considered claims of legal insufficiency with respect to the evidence supporting the guilty verdicts of speeding and making an unsafe lane change, these claims are not preserved for appellate review, as he failed to raise them with specificity before the District Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). However, upon a defendant's request, this court must conduct a weight of the evidence review (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]). If a finding in favor of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d at 348). In conducting this review, great deference is accorded to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdicts convicting defendant of speeding and making an unsafe lane change were not against the weight of the evidence (see People v Olsen, 22 NY2d 230, 232 [1968]; People v Isler, 67 Misc 3d 143[A], 2020 NY Slip Op 50746[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Goldmann, 61 Misc 3d 149[A], 2018 NY Slip Op 51746[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Turning to defendant's contention that the District Court violated his constitutional rights [*4]to confront witnesses and to a fair trial by precluding cross-examination of the arresting officer on the one unsubstantiated and two unfounded allegations of misconduct in his police disciplinary record,[FN1]
we note that the District Court did not preclude cross-examination of the officer on the unsubstantiated allegation; rather, it reserved decision pending defendant's showing of a good faith basis for the inquiry. There is nothing in the record to indicate that defendant ever attempted to make such a showing.
Since defendant did not raise these constitutional claims at trial, his contentions are unpreserved for appellate review (see CPL 470.05 [2]; People v Lane, 7 NY3d at 889; People v Thompson, 179 AD3d 720, 722 [2020]; People v Robinson, 160 AD3d 991, 991 [2018]). In any event, his contentions are without merit. "[P]rovided that they have a good faith basis for the inquiry, . . . defendants should be permitted to explore specific allegations of wrongdoing relevant to the credibility of the law enforcement witness, subject to the discretion of the trial court" (People v Rouse, 34 NY3d 269, 276 [2019], citing People v Smith, 27 NY3d 652, 662 [2016]). Thus, the District Court correctly conditioned cross-examination of the officer regarding the unsubstantiated allegation upon defendant establishing a good faith basis for the inquiry. With respect to the unfounded allegations, defendant failed to either articulate a good faith basis for the inquiry or establish that the allegations were relevant to the officer's credibility. Consequently, the District Court did not improvidently exercise its discretion in precluding cross-examination of the officer on the unfounded allegations (see People v Brown, 181 AD3d 701, 703 [2020]; People v Gittens, 178 AD3d 1070, 1071 [2019]; People v Smith, 171 AD3d 523, 524 [2019]; People v Ramsundar, 138 AD3d 891, 892 [2016]; People v Elliot, 127 AD3d 779, 780 [2015]).
Defendant's contention that he was denied his constitutional right to a speedy trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Jordan, 62 NY2d 825, 826 [1984]; People v Card, 107 AD3d 820 [2013]; People v Fox, 70 Misc 3d 139[A], 2021 NY Slip Op 50121[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]), and we decline to review it in the interest of justice.
Defendant's remaining contentions are either moot or unpreserved for appellate review.
Accordingly, the judgment convicting defendant of driving while ability impaired by the combined influence of drugs is reversed, so much of the order dated September 1, 2021 as denied the branch of defendant's June 1, 2021 motion seeking to dismiss, on statutory speedy trial grounds, the accusatory instrument charging defendant with driving while ability impaired by the combined influence of drugs is vacated, that branch of defendant's motion is granted, and the accusatory instrument charging defendant with driving while ability impaired by the combined influence of drugs is dismissed. The judgments convicting defendant of speeding and making an unsafe lane change are affirmed.
McCORMACK, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 29, 2024

Footnotes

Footnote 1: Though defendant also makes this contention with respect to the DRE who evaluated defendant after his arrest, our analysis of this contention is limited to the arresting officer because the DRE's testimony was not relevant to the charges of speeding and making an unsafe lane change.